CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TAYLOR NATHANIEL TOWER, ) | |
| ) | CASE NO. 7:18CV00368 |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GREGORY P. WINSTON, ET AL., ) | By: Glen E. Conrad |
| ) | Senior United States District Judge |
| Defendants. ) | |

Taylor Nathaniel Tower, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was housed under unconstitutional conditions while confined at the New River Valley Regional Jail ("NRVRJ").[1] After review of the record, the court concludes that this civil action must be summarily dismissed.

Tower's allegations are sparse: (1) "I was housed in Protective Custody segregation without a classification for over 4 months. 12-15-17 to 4-15-18"; (2) "I have been denied my due process and access to the grievance process multiple times"; and (3) "I have not been outside for recreation since December 6, 2017." Compl. 2, ECF No. 1. Tower filed this § 1983 action In July 2018, seeking monetary damages against defendants Gregory P. Winston and Kevin Jones.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim, a § 1983 complaint must be more than "labels and conclusions" or "naked assertions

---

[1] Tower notified the court on October 25, 2018, that he is now confined in the Virginia Peninsula Regional Jail in Williamsburg, Virginia, a jail facility located within the jurisdiction of the United States District Court for the Eastern District of Virginia.

devoid of further factual enhancement."[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.

Tower's complaint, as a whole, fails to state factual matter sufficient to state any plausible claim against the defendants he has named. For a viable § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions" has caused a violation of the plaintiff's constitutional rights. Id. at 676. Tower does not identify whether the defendants are officials at NRVRJ or state facts about any actions they undertook, personally, in violation of his constitutional rights. In any event, his allegations do not indicate that he suffered any deprivation of constitutional rights.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. To state a constitutional claim regarding past conditions of confinement, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Tower fails to identify any injury he incurred from the alleged lack of outside recreation

---

[2] The court has omitted internal quotation marks, alterations, and citations, here and elsewhere in this memorandum opinion, except where otherwise noted.

or from segregated confinement. Accordingly, he states no factual basis for an Eighth Amendment claim against anyone at NRVRJ.[3]

Tower also complains about being housed in protective custody segregated confinement, without due process. A convicted inmate's federally protected liberty "interests are limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). If the housing status the inmate challenges did not impose atypical hardship on him, then he has no federally protected liberty interest and, thus, no constitutional right to particular procedural protection related to that assignment. Id. at 486-87. Tower fails to show that protective custody segregation at NRVRJ subjected him to any atypical hardship, compared to other types of confinement there. Moreover, his complaint makes clear that his term in that segregated confinement was brief and was expressly intended for his protection. The court cannot find that these allegations implicate any federal due process rights.[4]

---

[3] It is not clear from his pleadings whether Tower was a pretrial detainee or a convicted felon at the time of the alleged violations. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." Id. at 539. However, as a practical matter, the contours of the Due Process Clause in the detainee context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (detainee medical claim).

[4] The court also finds no constitutional violation under the procedural due process analysis applicable to pretrial detainees. To show that restrictive confinement is punishment, a pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate non-punitive governmental objective." See Dilworth v. Adams, 841 F.3d 246, 252 (4th Cir. 2016). Tower's detention in segregated confinement for his own protection, on its face, was neither punitive nor unrelated to a legitimate penological objective—his safety.

3

Finally, Tower's alleged inability to access the NRVRJ's grievance procedure as he desired also did not implicate any constitutionally protected right. See Booker v. S.C. Dep't of Corr., 855 F.3d 533 (4th Cir. 2017). "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." Id. at 541. Thus, Tower's claim of denial of access to the grievance procedure is frivolous.

For the stated reasons, the court will summarily dismiss the action without prejudice under § 1997e(c)(1) for failure to state a claim upon which relief can be granted.[5] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of November, 2018.

                                                Senior United States District Judge

---

[5] Dismissal without prejudice leaves Tower free to refile one or more of his claims in a new and separate civil action, provided that he corrects the noted pleading deficiencies.